## J. V. MARYLAND v. L. R. CHRISTENSON COMPANY AND ANOTHER.[1]

May 13, 1921.

No. 21,863.

**Insurance policy — delivery — surrender — questions for jury.**
　　1. Action on a policy of insurance. The policy never left the possession of the agent of the insurance company. The trial court submitted to the jury the question whether the policy ever became effective and also the question whether, if it did become effective, there was a consent to its surrender. The jury found for defendant. There was evidence to sustain a finding for defendant on both propositions submitted.

**Objection to charge cannot be raised for first time on appeal.**
　　2. Objection to the charge not made in trial court will not be considered on appeal.

Action in the district court for St. Louis county to recover $2,000 upon a fire insurance policy. The defendant's contentions are given in

[1]Reported in 182 N. W. 951.
　　149 M.—5.

the first paragraph of the opinion. The case was tried before Dancer, J., who at the close of the testimony denied defendant's motion for a directed verdict on the grounds that no cause of action had been proved against defendant; that there was a defect in parties plaintiff; that any application for insurance had been canceled by mutual consent prior to the fire; that no contract was ever proved between the plaintiff and the defendant, and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or a new trial, plaintiff appealed. Affirmed.

*McCoy & Hansen,* for appellant.

*Washburn, Bailey & Mitchell,* for respondent.

HALLAM, J.

This action is brought to recover on a policy of insurance covering a motor bus, the property of plaintiff. A policy was written. The bus burned. Defendant contended, however, that the policy never took effect as a contract, and that if, from the facts in evidence, it can be said that it did take effect, it was canceled by consent. The court submitted these two issues to the jury and the jury found for defendant. Plaintiff claims that the evidence is insufficient to sustain a finding for defendant on either proposition. While a number of errors are assigned in the manner of submission of the case to the jury, they are for the most part disposed of by a determination of these two questions. We address ourselves to these questions.

1. In June, 1918, plaintiff applied to the Myers Company, an insurance agency at Biwabik, for insurance on this and two other motor buses. L. R. Christenson was manager of the Myers Company and the name was later changed to the L. R. Christenson Company. The agency was unable to place the insurance in any company it represented, and so advised plaintiff. About September 25 it procured an agency for the Sun Insurance Office of Chicago, and on September 25 wrote a policy in that company covering this bus. The evidence as to the other transactions is somewhat in conflict. Plaintiff testified he owed something on the bus on notes that were in a bank at Eveleth, and that when he negotiated for insurance he told Christenson to send the policy to the Eveleth bank. Christenson denies having received any such direction. Christenson, as

administrator, claimed an interest in the bus, and he attached to the policy a rider making loss payable first to himself as administrator. Plaintiff testified he had no knowledge of this until after the fire.

When the policy was written the agency retained it and sent plaintiff a bill for the premium amounting to $68. This was on a basis of $3.40 per $100. A few days later Christenson called plaintiff by phone in regard to payment of the premium. Plaintiff protested the rate was too high, that he was paying only $1.45 per $100 at his local bank at Gilbert. After that Christenson said he called up plaintiff four or five times. Plaintiff said he talked to Christenson a number of times and argued back and forth about the rate. Christenson said he would take the matter of the rate up with the company and advise plaintiff. He did take it up with another agent, but accomplished nothing and did not advise plaintiff of the result. The matter ran along until November, when Christenson marked the policy canceled and returned it to the company and directed his clerk to advise plaintiff of that fact. She did so and testified that plaintiff said "all right." It seems clear that, with this evidence before it, the jury might find that the parties never intended a delivery of the policy and that it never became effective.

If the policy did become effective, it is conceded it could not be canceled without notice without plaintiff's consent. From the conversation above mentioned between plaintiff and the clerk of the agency, the jury might find an assent by plaintiff to its surrender and cancelation.

Plaintiff contends that the clerk had no authority to negotiate for a cancelation of the policy. She was authorized by Christenson to do what she did do. Plaintiff's assent if expressed to her was binding on him.

The policy when written was antedated to June 19, a date long prior to any negotiation with the Sun Company or on its behalf. This does not seem a circumstance of any controlling importance. The liability of the Sun Company could not arise prior to the time the policy was written September 25.

2. Exception is taken to a charge of the court that if the policy contained no provision requiring notice of cancelation, the company could

cancel it at any time. No exception was taken to this instruction in the trial court and it will not be considered here. Petruschke v. Kamerer, 131 Minn. 320, 155 N. W. 205.

Order affirmed.